# Supreme Court of Texas

### No. 23-0288

Greg Abbott, in his official capacity as Governor of Texas,
*Petitioner*,

v.

City of El Paso,
*Respondent*

On Petition for Review from the
Court of Appeals for the Eighth District of Texas

**PER CURIAM**

In September 2021, the City of El Paso obtained a temporary injunction against enforcement of a gubernatorial executive order, GA-38, that prohibited local mask-wearing requirements. The court of appeals affirmed the temporary injunction, and the State petitioned for review.

In June 2023, we held in *Abbott v. Harris County* that GA-38's prohibition on local mask requirements was "a valid exercise of the Governor's authority under the Disaster Act." 672 S.W.3d 1, 21 (Tex. 2023). On September 1, 2023, Senate Bill 29 went into effect. Act of May 28, 2023, 88th Leg., R.S., ch. 336, codified as TEX. HEALTH & SAFETY

CODE §§ 81.B.001–.004.  This statute, with exceptions not relevant here, provides that "a governmental entity may not implement, order, or otherwise impose a mandate requiring a person to wear a face mask or other face covering to prevent the spread of COVID-19."  *Id.* § 81B.002(a).  Also in June 2023, GA-38 expired.  *See Abbott*, 672 S.W.3d at 9 n.23 (explaining why the expiration of GA-38 did not render that appeal moot).

In light of these events, we asked the parties to advise the Court as to whether further proceedings remain necessary.  The parties submitted a joint status report advising that no justiciable controversy remains and that the appeal is therefore moot.  We agree the appeal is moot.  Neither the enforceability of city mask mandates, which the parties agree are barred by Senate Bill 29, nor the enforceability of executive order GA-38, which has expired, remains a live controversy between the parties.

This interlocutory appeal should therefore be dismissed as moot and the judgment of the court of appeals vacated.  *See* TEX. R. APP. P. 56.2; 60.2(e).  The State further requests that we vacate the opinion of the court of appeals in addition to vacating its judgment.  *See Morath v. Lewis*, 601 S.W.3d 785 (Tex. 2020).  The City does not agree to this relief but offers no argument against it.  We agree with the State that the public interest is best served by vacatur of the court of appeals' opinion, which conflicts in many respects with this Court's opinion in *Abbott v. Harris County*, 672 S.W.3d 1, and which the State has been prevented from challenging on the merits due to mootness.  *Morath*, 601 S.W.3d at 791.

The petition for review is granted, the judgment and the opinion of the court of appeals are vacated, and the appeal is dismissed. *See* TEX. R. APP. P. 59.1; 56.2; 60.2(e).

**OPINION DELIVERED:** October 27, 2023